﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 181217-59310
DATE: October 30, 2020

ORDER

Entitlement to an initial rating higher than 10 percent for right upper extremity diabetic neuropathy is denied.

Entitlement to an initial rating higher than 10 percent for left upper extremity diabetic neuropathy is denied.

Entitlement to an initial rating higher than 20 percent for right lower extremity diabetic neuropathy is denied.

Entitlement to an initial rating of 20 percent, but no higher, for left lower extremity diabetic neuropathy is granted.

Entitlement to a total disability rating based on individual unemployability (TDIU) is denied.

FINDINGS OF FACT

1. The Veteran’s right upper extremity diabetic neuropathy has not manifested by worse than mild incomplete paralysis of the median nerve. 

2. The Veteran’s left upper diabetic neuropathy has not manifested by worse than mild incomplete paralysis of the median nerve.

3. The Veteran’s right lower extremity diabetic neuropathy has not manifested by worse than moderate incomplete paralysis of the sciatic nerve. 

4. The Veteran’s left lower extremity diabetic neuropathy has manifested by moderate incomplete paralysis of the sciatic nerve, but no worse. 

5. The Veteran’s service-connected disabilities do not prevent him from obtaining and retaining substantially gainful employment consistent with his educational background and work experience. 

CONCLUSIONS OF LAW

1. Entitlement to a rating higher than 10 percent for right upper extremity diabetic neuropathy is not warranted. 38 U.S.C. §§ 1155, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.321, 4.1, 4.2, 4.3, 4.7, 4.10, 4.21, 4.124a, Diagnostic Code 8515. 

2. Entitlement to a rating higher than 10 percent for left upper extremity diabetic neuropathy is not warranted. 38 U.S.C. §§ 1155, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.321, 4.1, 4.2, 4.3, 4.7, 4.10, 4.21, 4.124a, Diagnostic Code 8515. 

3. Entitlement to a rating higher than 20 percent for right lower extremity diabetic neuropathy is not warranted. 38 U.S.C. §§ 1155, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.321, 4.1, 4.2, 4.3, 4.7, 4.10, 4.21, 4.124a, Diagnostic Code 8520. 

4. Entitlement to a 20 percent rating, but no higher, for left lower extremity diabetic neuropathy is warranted. 38 U.S.C. §§ 1155, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.321, 4.1, 4.2, 4.3, 4.7, 4.10, 4.21, 4.124a, Diagnostic Code 8520. 

5. The criteria for the award or referral of a TDIU have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 3.321, 3.340, 3.341, 4.16.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from December 1965 to November 1967.

In an August 2017 rating decision of the Department of Veterans Affairs (VA) Regional Office, the Veteran was awarded entitlement to service connection for diabetic neuropathy in his upper and lower extremities. In a February 2018 rating decision, the Veteran’s evaluations for neuropathy were continued, and entitlement to a TDIU was also denied. 

The Veteran submitted a VA Form 21-0958 Notice of Disagreement in April 2018, and in July 2018 he opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by requesting a Higher-Level Review through the Rapid Appeals Modernization Program (RAMP). A Higher-Level Review decision was issued in October 2018, and in December 2018 the Veteran requested Direct Review by a Veterans Law Judge of the Board of Veterans’ Appeals (Board).

Right and Left Upper Extremity Diabetic Neuropathy

The Veteran contends that his right and left upper extremity diabetic neuropathy warrant ratings higher than 10 percent.

The Veteran’s right and left upper extremity diabetic neuropathy have each been assigned a 10 percent rating under Diagnostic Code 8515, effective February 27, 2017.

Disability evaluations are determined by the application of VA’s Schedule for Rating Disabilities, which is based on average impairment of earning capacity. 38 U.S.C. § 1155; 38 C.F.R. Part 4. Where there is a question as to which of two evaluations shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. 

Diagnostic Code 8515 pertains to incomplete and complete paralysis of the median nerve. A 10 percent evaluation is assigned for either arm when the condition is mild. When the condition is moderate, the major arm is assigned a 30 percent rating and the minor arm is assigned a 20 percent rating. 38 C.F.R. § 4.124a, Diagnostic Code 8515.

In rating peripheral nerve injuries and their residuals, attention should be given to the site and character of the injury, the relative impairment and motor function, trophic changes, or sensory disturbances. 38 C.F.R. § 4.120. With partial loss of use of one or more extremities from neurological lesions, rating is to be by comparison with mild, moderate, severe, or complete paralysis of the peripheral nerves. The term incomplete paralysis indicates a degree of lost or impaired function substantially less than the type of picture for complete paralysis given with each nerve, whether due to varied level of the nerve lesion or to partial regeneration. 38 C.F.R. § 4.124a.

Words such as “mild,” “moderate,” “moderately severe,” and “severe” are not defined in the VA Schedule for Rating Disabilities. Rather than applying a mechanical formula, the Board must evaluate all of the evidence to the end that its decisions are “equitable and just.” 38 C.F.R. § 4.6.

The Board has reviewed all of the evidence of record and finds that at no time has the Veteran’s right or left arm diabetic neuropathy been worse than “mild.”

The Veteran attended a VA examination in July 2017. He was not found to have any symptoms of pain, paresthesias/dysesthesias, or numbness in either arm. He did not have any cramps, and his arm strength and reflexes were normal. He did have decreased position strength, decreased light touch in both hands, and decreased vibration sensation in both arms. There was no muscle atrophy. The examiner found that the Veteran had mild incomplete paralysis in the right and left medial nerves.

The Veteran also attended a VA examination in January 2018. He had symptoms of mild intermittent pain and mild numbness in both arms. The Veteran had normal strength and reflexes in both arms. Light touch was normal in the shoulder and inner/outer forearm, but was decreased in the hands and fingers. There was decreased position sense, vibration sensation, and cold sensation. There was no muscle atrophy. The examiner found that the Veteran had mild incomplete paralysis in the right and left median nerves.

These VA examinations provide highly probative medical evidence which indicates that the Veteran has only mild symptoms in both the right and left upper extremities. At the July 2017 VA examination, he had no symptoms of pain, paresthesias/dysesthesias, or numbness, and in January 2018, he had only mild intermittent pain and mild numbness. He has never been found to have any muscle atrophy or decrease in arm strength or reflexes. While the Veteran has been found to have decreased position strength and sensation, especially in his hands and fingers, these symptoms are indicative of a condition which is “mild.” The Veteran’s VA treatment records do not show any complaints of any additional upper extremity symptomatology that was not shown at the VA examinations. The Board therefore finds that this evidence, overall, does not show right or left upper extremity neuropathy which could be classified as “moderate.”

The Board notes that while a February 2017 nerve study found focal neuropathy of the bilateral radial nerves across the elbows and generalized sensory-motor peripheral neuropathy, a separate rating due to neuropathy in the radial nerves is not warranted. There is no indication that the Veteran has manifested with separate symptomatology related to the radial nerve which is not already encompassed by the symptomatology associated with the median nerve, and generally, separate evaluations may not be assigned for upper extremity peripheral nerve disabilities. See 38 C.F.R. § 4.14; M21-1 Adjudication Procedures Manual, Part III, Subpart iv, 4.N.4.c. Furthermore, both the July 2017 and January 2018 VA examiners found the radial nerve to be normal, and the Board therefore finds that the preponderance of the evidence indicates that it is the median nerve, and not the radial nerve, which is most affected, and which is the appropriate diagnostic code to apply.

The Board has considered the lay assertions of the Veteran, but he has not submitted any other statements or evidence relating to his upper arm neuropathy, and he has never indicated that his upper extremity symptoms manifested with anything worse than mild intermittent pain or numbness.

The Board therefore finds that the preponderance of the evidence demonstrates that the Veteran’s right and left upper extremity diabetic neuropathy is manifested by mild incomplete paralysis of the median nerve, and this condition has not been found to be at least moderate at any time during the appeal period. Ratings higher than 10 percent for both the right and left arm are not warranted, and the claims are denied.

In reaching the above conclusion, the Board has considered the applicability of the benefit of the doubt doctrine; as the preponderance of the evidence is against the Veteran’s claims, that doctrine is not applicable. See 38 U.S.C. § 5107(b); 38C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 54 (1990).

Right and Left Lower Extremity Diabetic Neuropathy

The Veteran’s right lower extremity has been assigned a 20 percent rating and his left lower extremity has been assigned a 10 percent rating under Diagnostic Code 8520, effective February 27, 2017.

Diagnostic Code 8520 pertains to paralysis of the sciatic nerve. A 10 percent rating is assigned when the condition is mild, a 20 percent rating is assigned when it is moderate, a 40 percent rating is assigned when it is moderately severe, and a 60 percent rating is assigned when it is severe with marked muscular atrophy. 38 C.F.R. § 4.124a, Diagnostic Code 8520.

While separate evaluations may be assigned for neuropathy symptoms in the lower extremities that are separate and distinct and that are attributed to different lower extremity nerves, the Veteran has only been found to have partial paralysis of the sciatic nerve, and the other diagnostic codes are therefore not applicable. See 38 C.F.R. § 4.14; M21-1 Adjudication Procedures Manual, Part III, Subpart iv, 4.N.4.f.

The Veteran’s VA treatment records show that at a June 2017 primary care evaluation, the Veteran reported having leg pain that was worse in the right than the left. There was no edema or skin discoloration, range of motion was intact, and muscle tone was adequate. There were no gross motor or sensory deficits. 

At a July 2017 VA examination, the Veteran had mild constant pain, paresthesias/dysesthesias, and numbness in the left leg and moderate constant pain, paresthesias/dysesthesias, and numbness in the right leg. Strength was normal, but there were decreased reflexes in both knees. Light touch testing was decreased in the bilateral ankle/lower legs and foot/toes. Position sense and vibration sensation were decreased in both legs. The Veteran did not have muscle atrophy, but did have loss of body hair and shiny pretibials. The examiner found that the Veteran had moderate incomplete paralysis in the right sciatic nerve and mild incomplete paralysis in the left sciatic nerve.

The Veteran also attended a VA examination in January 2018. The Veteran had symptoms of moderate constant pain, intermittent pain, paresthesias/dysesthesias, and numbness in the right leg. He also had mild constant pain, paresthesias/dysesthesias, and numbness and moderate intermittent pain in the left leg. The Veteran had full strength in both legs and decreased reflexes in the knees. Light touch was normal in the knee/thighs, but decreased in the ankle/lower leg and foot/toes. There was decreased position sense and vibration sensation in both legs. Cold sensation was absent in both legs. There was no muscle atrophy, and the Veteran had loss of body hair and shiny pretibials in the bilateral lower extremities. The examiner found that the Veteran had mild incomplete paralysis in the right and left sciatic nerves.

Affording the Veteran the benefit of the doubt, the Board finds that the Veteran’s left leg, as well as his right leg, has had a severity of “moderate” throughout the appeal period. While the Veteran was found to have only mild symptoms in the left leg at the July 2017 VA examination, by the time of his January 2018 VA examination, just a half a year later, his intermittent pain had increased to moderate, cold sensation was absent, and he had loss of body hair and shiny pretibials in both lower extremities. The Veteran was also found to have decreased position sense and sensation at both examinations. This indicates that the Veteran does have both sensory disturbances and trophic changes in the left lower leg, and the Board allows that this constitutes a “moderate” level of disability in the left lower leg.

The Board does not find, however, that the Veteran’s lower extremity diabetic neuropathy has been at least “moderately severe” at any time during the appeal period.

While the Veteran has complained of pain and numbness his legs, he has maintained the ability to walk independently and has full strength in both legs. The Veteran has never been found to have an altered or abnormal gait, and the VA treatment records do not indicate that he has been functionally impaired from any activity or action due to his leg neuropathy. While he has been found to have trophic changes, decreased sensation, and some decreased reflexes, the Board does not find that the medical evidence indicates that these symptoms are any worse than mild or moderate. The Veteran has never been found to have any muscle atrophy or abnormal muscle tone. The severity of the Veteran’s lower extremity disability has been described as either “mild” or “moderate” by the VA examiners, and their findings are fully consistent with the symptoms recorded in the VA treatment records as well as the symptoms reported by the Veteran. 

There are no other conflicting medical opinions which find that the Veteran has more than moderate lower extremity diabetic neuropathy, and no other medical evidence indicating more severe symptoms. Overall, such findings preponderate against finding “moderately severe” radiculopathy warranting entitlement to ratings higher than 20 percent. 

Although the Veteran has credibly reported having constant pain in his legs, a higher rating may not be awarded on the basis of pain, as pain is taken into consideration in the very general rating criteria for organic diseases of the central nervous system. See 38 C.F.R. § 4.123 (Characteristics of peripheral neuritis to be considered when assigning an evaluation include “loss of reflexes, muscle atrophy, sensory disturbances, and constant pain, at times excruciating.”).

In sum, the preponderance of the evidence demonstrates that the Veteran’s right and left lower extremity diabetic neuropathy is manifested by moderate incomplete paralysis of the sciatic nerve, and this condition has not been found to be moderately severe at any time during the appeal period. Ratings higher than 20 percent are therefore not warranted.

The Board has again considered the benefit of the doubt doctrine, but the preponderance of the evidence is against the Veteran’s claims. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

TDIU

The Veteran has also requested entitlement to a TDIU. In November 2017, the Veteran submitted an Application for Increased Compensation Based on Unemployability and wrote that he was prevented from working due to diabetes and its complications. He wrote that he had last worked in September 2016 as a medical insurance officer.

A TDIU may be assigned where the schedular rating is less than total if a veteran is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. 38 C.F.R. § 4.16(a). This regulation provides that consideration of such a rating is warranted if a veteran has one service-connected disability rated 60 percent or more or, if there are two or more disabilities, there must be at least one that is rated 40 percent or more, with the remaining disabilities combining to 70 percent or more. Id.

The Board has reviewed all of the evidence of record, but the evidence preponderates against finding that the Veteran has met the eligibility requirements for a TDIU. Additionally, referral of the claim for consideration on an extraschedular is not warranted.

The Veteran is service connected for diabetes mellitus (20 percent); right upper extremity diabetic neuropathy (10 percent); left upper extremity diabetic neuropathy (10 percent); right lower extremity diabetic neuropathy (20 percent); and left lower extremity diabetic neuropathy (20 percent). Even with the increased 20 percent rating now assigned for the left leg, he has a combined disability rating of 60 percent. The Veteran therefore does not have a disability rated 40 percent or more or a combined rating of at least 70 percent, and he does not meet the schedular criteria for a TDIU. 38 C.F.R. § 4.16(a).

When the percentage requirements of 38 C.F.R. § 4.16(a) are not met, individual unemployability benefits may still be granted on an extraschedular basis in exceptional cases when a veteran is unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities. 38 C.F.R. § 4.16(b). The Board cannot award an extraschedular TDIU in the first instance because 38 C.F.R. § 4.16 (b) requires that the issue first be submitted to the Director of the Compensation and Pension Service for extraschedular consideration. Bowling v. Principi, 15 Vet. App. 1, 10 (2001). 

For a veteran to prevail on a claim for a TDIU, the record must reflect some factor which takes the case outside the norm. The sole fact that a claimant is unemployed or has difficulty obtaining employment is not enough. A high rating in itself is a recognition that the impairment makes it difficult to obtain and keep employment. The question is whether a veteran is capable of performing the physical and mental acts required by employment, not whether the veteran can find employment. See 38 C.F.R. § 4.16(a); Van Hoose v. Brown, 4 Vet. App. 361 (1993). In determining whether an appellant is entitled to a TDIU, neither the appellant’s nonservice-connected disabilities nor advancing age may be considered. 38 C.F.R. § 4.19.

In this case, the preponderance of the evidence is against finding that the Veteran’s service-connected disabilities, alone, prevent him from obtaining or maintaining employment.

The Veteran’s VA treatment records show complaints of pain in his lower legs, but they do not indicate any significant impairment of function due to his lower extremity diabetic neuropathy. There is no indication of any functional impairment due to his upper extremity neuropathy or his diabetes mellitus.

The July 2017 VA examiner found that the Veteran’s diabetic peripheral neuropathy did not impact his ability to work. A September 2017 VA examination for diabetes noted that the Veteran had worked in administrative duties at a labor union.

The January 2018 VA examiner found that the Veteran’s diabetic peripheral neuropathy did impact his ability to work by causing loss of endurance and stamina, limiting his capacity to do work. A January 2018 VA examination for diabetes did not find that diabetes impacted his ability to work.

After reviewing the evidence of record the Board finds no probative medical evidence which demonstrates that the Veteran has been completely incapable of maintaining gainful employment due to his service-connected disabilities. While the January 2018 VA examiner did find that the Veteran’s service-connected diabetic neuropathy would cause loss of endurance and stamina which would limit his ability to work, this does not provide evidence that the Veteran was incapable of maintaining any gainful employment. The Board accepts that the Veteran’s stamina for physical activity is limited, but the Veteran was previously employed in a sedentary, administrative job as a medical insurance officer, and he has not provided any evidence or statements indicating why his diabetes or diabetic neuropathy would prevent him from being able to perform this work. There is no medical evidence, including in the Veteran’s VA treatment records, that the Veteran has functional impairment of such severity that he is unable to perform the basic tasks required in many forms of employment. He has never been found to have difficulty walking or using his arms, nor is he service connected for any other disabilities which would prevent him from performing sedentary job tasks, such as typing, writing, or speaking on the telephone.

In sum, the preponderance of the medical evidence does not demonstrate that the Veteran’s diabetes mellitus, bilateral upper extremity diabetic neuropathy, and bilateral lower extremity diabetic neuropathy have precluded gainful employment at any time during the period on appeal. The Board does not find that these disabilities present an exceptional picture which warrants referral for extraschedular consideration of a TDIU. As the evidence preponderates against showing that the Veteran is unemployable as a result of his service-connected disabilities alone, the Board finds that referral for consideration of entitlement to a TDIU on an extraschedular basis is not warranted. The appeal is denied.

The Board has considered the applicability of the benefit of the doubt doctrine, but the preponderance of the evidence is against the claim. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

 

 

DELYVONNE M. WHITEHEAD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Mary E. Rude, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.